*E-Filed 4/16/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

FREDY SALGUERO,

    Petitioner,

    v.

B. CURRY, and BOARD OF PAROLE HEARINGS, et a.,

    Respondents.

No. C 10-0366 RS (PR)

**ORDER TO SHOW CAUSE**

**INTRODUCTION**

Petitioner Fredy Salguero, a state prisoner at Soledad State Prison, filed this *pro se* action for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. Petitioner has paid the filing fee.

**BACKGROUND**

According to the petition, petitioner, in 1990, was found guilty of murder, and was sentenced to twenty-five years to life, plus two years for a firearm sentencing enhancement. In November 2007, the Board of Parole Hearings ("Board") found petitioner unsuitable for

parole. In response to the Board's decision, petitioner sought and was denied state habeas relief. This federal habeas petition followed.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner alleges that (1) the use of the "some evidence standard" violates the Sixth Amendment; (2) the Board's decision is not supported by sufficient evidence, even under the "some evidence" standard; and (3) the Board and the state courts are in a "political conspiracy to avoid paroling." Liberally construed, petitioner's claims appear to be cognizable on federal habeas review.

## CONCLUSION

1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the

petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED**.

DATED:  April 15, 2010

RICHARD SEEBORG
United States District Judge

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

Fredy Salguero
E-79656
Correctional Training Facility
P.O. Box 689
Z-225U
Soledad, CA 93960-0689

DATED:  04/16/2010

s/ Chambers Staff<br>Chambers of Judge Richard Seeborg

* Counsel are responsible for distributing copies of this document to any co-counsel who have not registered with the Court's electronic filing system.