*E-Filed 9/14/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FREDY SALGUERO, | No. C 10-0366 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| B. CURRY, Warden, | |
| Respondent. | |

## INTRODUCTION

This is a federal habeas corpus petition filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons discussed herein, respondent's motion to dismiss the petition as untimely (Docket No. 5) is GRANTED. Accordingly, the petition is DISMISSED.

## BACKGROUND

According to the petition, in 1990, a Los Angeles County Superior Court jury found petitioner guilty of first degree murder. (Pet. at 2.) The trial court sentenced petitioner to twenty-five years to life in state prison. (*Id.* at 3.) In 2007, the Board of Parole Hearings ("Board") found petitioner unsuitable for parole. In response to the Board's decision, petitioner sought, but was denied, state collateral relief. This federal habeas petition

followed.

Respondent contends that the federal petition is untimely, and therefore barred by the applicable statute of limitations, based on its calculations of the time that elapsed between the Board's decision and the filing of the instant petition. (Respondent's Motion to Dismiss ("MTD") at 1.) The following facts are undisputed, unless noted otherwise. The parole decision, which was rendered on November 14, 2007, became final on March 13, 2008.[1] Petitioner filed his first subsequent parole habeas 129 days later, on July 24, 2008,[2] which the Los Angeles Superior Court denied on September 24, 2008, notice of which was mailed to petitioner on September 29. Petitioner mailed his next state petition 31 days later, on October 30, 2008, which was denied on November 19, 2008 by the state appellate court. Petitioner filed his next state petition 146 days later, on April 14, 2009, which the California Supreme Court denied on September 17, 2009. Petitioner mailed the instant federal petition 102 days later, on December 28, 2009.

## DISCUSSION

**A.   Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to every federal habeas petition filed on or after April 24, 1996, contains a statute of limitations codified at 28 U.S.C. § 2244(d). Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have

---

[1] Respondent mistakenly gives the date as March 13, 2007. (MTD at 3.)

[2] Respondent gives the date as July 20, 2008. (MTD at 3.) The Los Angeles Superior Court states that the petition was filed on July 24, 2008. CITE.

been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

**B.     Timeliness of the Petition**

As stated above, the Board's decision became final on March 13, 2008. Under section 2244, petitioner had until March 14, 2009 to file a timely federal habeas petition. The instant petition was not mailed until December 28, 2009. Absent tolling, the petition is untimely and must be dismissed.

**C.     Statutory and Equitable Tolling**

**1.     Statutory Tolling**

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* § 2244(d)(2). A state habeas petition filed after AEDPA's statute of limitations ended, however, cannot toll the limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations." *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

In the instant matter, statutory tolling does not save the petition. 129 days passed between the date on which the Board's decision became final and when petitioner filed his first state habeas petition. 31 days passed between the date the first petition was denied to when petitioner filed his second habeas petition. 146 days passed between the date the second habeas petition was denied and when petitioner filed his third state habeas petition. 102 days after the third petition was denied, petitioner filed the instant petition. The total

number of days of untolled time is 408 days, which is beyond the one-year filing limitations.[3] Statutory tolling, then, does not save the petition. Absent equitable tolling, the petition must be dismissed as untimely.

**2. Equitable Tolling**

Petitioner has not alleged, nor, certainly, presented any arguments, that he is entitled to equitable tolling. Accordingly, the petition is DISMISSED as untimely.

**CONCLUSION**

Respondent's motion to dismiss the petition as untimely (Docket No. 5) is GRANTED. Accordingly, the petition is DISMISSED.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This order terminates Docket No. 7.

The Clerk shall enter judgment in favor of respondent, terminate the pending motion, and close the file.

**IT IS SO ORDERED**.

DATED: September 13, 2010

    RICHARD SEEBORG
United States District Judge

---

[3] Even if one discounts the perhaps reasonable 31 day delay, the delay was 377 days, still beyond the deadline.